McGOWAN v. REID.

1. Where plaintiff proves that he is a devisee of A, who died seized of the land in dispute, and that defendant's vendor also claimed the land under A, plaintiff has established A as a common source of title, and need not prove a grant from the State.

2. Under action for partition, plaintiff was allotted her share of the land, but no division of the remainder was made between the two defendants, A and B, and the cause was dropped from the docket, and no *lis pendens* was on file. B then mortgaged all of this remainder as his own property, to secure his individual debt. Pending an action to foreclose this mortgage, A, after notice to B, had the partition suit restored to the docket, and this land partitioned between them, under decree of the court. The land was then sold under decree in the foreclosure suit, and purchased by the mortgagee, A giving notice of his claim. *Held*, that A's right to the portion allotted to him was *res judicata* as to B, and that the mortgagee and purchaser could claim no higher rights than B had.

3. In action to recover plaintiff's share of a tract of land in which defendant claimed the entire interest, and for rents, the Circuit Judge, to whom the case was submitted for trial without a jury, having given judgment in favor of plaintiff for the land, erred in not passing upon the demand for rents.

Before IZLAR, J., Laurens, February, 1890.

Mr. Justice McGowan did not sit in this case. It was an action by David R. McGowan against Geo. T. Reid. The judgment of the Circuit Court was as follows:

This action was commenced about December 17th, 1888, the object of which was to recover possession of the tract of land described in the complaint, with damages for the detention thereof from the defendant, Reid, who was in possession, and was to have the partition and division of said tract of land, heretofore had between said plaintiff and John T. McGowan, his tenant in common, and defendant's grantor, confirmed as between the parties to this action, &c. Defendant's answer is, in substance, a general denial, and pleads the statute of limitation and *laches*.

The cause came on to trial at the present term, and a jury trial having been waived, the case was heard by me without a jury.

The testimony in the cause is very voluminous, and after carefully considering the same, I have come to the following conclusion :

As I apprehend the case, the proceedings heretofore had, and the decrees heretofore made, in the case of Elizabeth Strain *et al.*, plaintiffs, against John T. McGowan, individually and as executor of the will of William McGowan, deceased, *et al.;* defendants, the other devisees of William McGowan, deceased, being parties thereto, has settled the question here presented and argued. The decrees in this case settled the respective rights and interest of the parties in the two hundred and forty-two acres of land There has been no appeal, and all the parties had their day in court. In all the proceedings had in said cause, John T. McGowan never once questioned the rights or interest of his brother, D. R. McGowan in these lands, but acquiesced without objection. Under the view that I take of this case, it matters very little· whether D. R. McGowan conveyed his interest in these lands in 1873 to his brother, John, or not. John T. McGowan did not raise the question in the case of Strain *et al. v.* McGowan *et al.*, and whether that decree, fixing the rights of the parties in these lands, was right or wrong, he is bound by it, as then was the time to speak. He neither spoke nor appealed.

This decree was on file at the time John T. McGowan executed the mortgage to George T. Reid, the defendant herein, in 1881. If the judgment was not properly entered, while it might affect the priority of liens, it could not affect the rights of the parties in the land as fixed by the decree. Such being the case, the mortgage executed to Reid could only affect the interest of John T. McGowan. He could· not mortgage a greater interest than he had. Reid, when he purchased under the judgment of foreclosure, purchased only the interest of John T. McGowan, and his title only conveys that interest.

The statute of limitation cannot avail the defendant. If the plaintiff never parted with his interest to John T. McGowan, John T. McGowan never held adversely to him. There can be no adverse possession by one tenant in common against his co-tenant, except in case of ouster. There is no testimony here going to show ouster, nor is the length of possession sufficient to presume ouster. If the plaintiff sold to his brother, John T. McGowan, as

contended, he, John, admitted by his actions throughout all these proceedings that plaintiff had an interest in the premises by not resisting his claim, and by acquiescing in the decrees of Judges Kershaw and Wallace. Reid must stand in the shoes of his assignee, John T. McGowan, and is only entitled to his interest in these lands, as fixed by the decree in partition, and the plaintiff is entitled to have this partition confirmed between himself and Reid, and his title quieted.

. There is no fraud charged, and there is no testimony going to show fraud or collusion by any of the parties. The view that I have taken does not question the truthfulness of any of the parties. For whether the lost deed was executed and delivered, as contended by the defendant, or not, cannot now affect the question. The former adjudications, as to the rights of the devisees of William McGowan, have settled all these questions.

It is therefore ordered, adjudged, and decreed, that the partition and division heretofore had between said plaintiff and John' T. McGowan, Reid's grantor, be, and the same is hereby, confirmed between these parties, whereby ninety-eight and seven-eighth acres, bounded by lands of Robert Hollingsworth, Mrs. Miller, by lands of Elizabeth Strain and others, was set off to plaintiff on about May 18, 1888. Further ordered, that said defendant, George T. Reid, deliver up possession of said tract of land to plaintiff immediately upon the service of a certified copy of this order upon him.

Both parties appealed upon exceptions which raised only the three questions considered by this court.

*Messrs. Haskell & Dial*, for plaintiff.

*Messrs. Ball & Watts*, for defendant.

June 25, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. William McGowan, late of the County of Laurens, died in 1869. He left a will and a widow and four children, a daughter and three sons, to wit, Mrs. E. Strain, John T., David R., and William McGowan. He devised

his real estate to his widow for life, with remainder to his children. John T. was appointed his executor, and qualified. After the death of the widow, Mrs. Strain and her husband instituted an action against John T., as executor and individually, and the other devisees, for a settlement of the estate, and for the partition of the real estate. This was in 1878. After some litigation, this action resulted in having set apart to Mrs. Strain a certain portion of said real estate as her share therein, the remainder, some two hundred and forty-five acres thereof, being left for John T. and David R. (the plaintiff herein).; the other son, William, having died in the meantime, intestate and unmarried.

This action seems at this point to have been dropped from the calendar, but in 1887 it was restored for the purpose, as it appears, of having a partition made between John T. and David R. of the two hundred and forty-five acres. It was then referred to a referee, who reported, recommending a division of said land between these two brothers. This recommendation was afterwards confirmed by his honor, Judge Wallace, who ordered a writ in partition to issue. The commissioners under this writ returned their action in 1888, whereby they had divided the land, setting off to David R. ninety-eight and seven eighth acres by metes and bounds. This return was afterwards confirmed by his honor, Judge Witherspoon, in July, 1888. During all of this proceeding, John T. McGowan set up no claim to the share of David; on the contrary, he acquiesced in the partition without claim, protest, or appeal. In the meantime, however, to wit, in 1881, he, being in debt to the defendant, executed a mortgage, covering this entire land, to secure the said debt, upon which Reed obtained. foreclosure in 1887, and at the sale in December, 1887, he, Reid, became the purchaser. No *lis pendens* had been filed in the partition proceedings, but on the day of the foreclosure sale by the master, David R. gave public notice of his claim. Reid, immediately after his purchase, went into possession, inducing the tenants of David to pay the rent to him.

Under this state of facts, the action below was commenced by the plaintiff, who, alleging the facts substantially as hereinabove, demanded judgment: 1st. That defendant account to him for the rents and profits. 2nd. That the partition and division hereto-

fore made be confirmed, and failing in this, that said premises be partitioned between him and the defendant. And 3rd. That he have his costs and such other and further relief, &c , &c. The defendant, Reid, answered, denying knowledge of many of the facts alleged in the complaint, and pleading *laches* and the statute of limitations, and alleging that he purchased the property at the foreclosure sale under the mortgage executed to him by John T. McGowan for two thousand dollars, John T. having been in the open and notorious possession of the land for more than fifteen years, and he demanded a dismissal of the complaint.

The case was heard by his honor, Judge Izlar, a jury trial having been waived. At the conclusion of plaintiff's testimony, the defendant moved for a non-suit, on the ground that, it not appearing that the parties claimed from a common source, the plaintiff was bound to make out a perfect title in himself, which not having been done, a non-suit should be ordered. His honor, in reply, stated there was testimony that Reid bought at the master's sale the interest of John T. McGowan in the land, and also that John T. claimed through his father's will, and that this made out a common source. This ruling of his honor is the foundation of defendant's first exception. We think his honor was correct, and, therefore, this exception is overruled. It appeared in plaintiff's testimony, that the entire land originally belonged to William McGowan, and that if John T. had any title, it came from his father. Reid claimed through John T., and consequently claimed through William. David also claimed through William ; hence the common source.

His honor held the title of the plaintiff to be good as against the defendant, ruling that there had been no ouster, and that there was no room for the application of either *laches* or the statute of limitations, and adjudged possession of the land in dispute to the plaintiff. This was decreed principally upon the record evidence, furnished by the actions of Mrs. Strain, above referred to, in which the several orders mentioned, as to the partition of the land between John T. and David R., were taken, without objection on the part of John T. Certainly, if this was a contest between John T. and David, John T. could not, in the face of these proceedings, contest David's title. Does not the defendant stand in

the shoes of John T.? True, there was no *lis pendens* filed, but the defendant bought with full notice of David's claim, and there was no evidence of fraud or conspiracy between the brothers. We think the facts of the case, as developed by the testimony, required his honor, as matter of law, to decree the land to the plaintiff, the land thus decreed and ordered to be delivered up to the plaintiff being the ninety-eight and seven-eighth acres set off to the plaintiff in the said partition proceedings, which he confirmed. This disposes of the defendant's exceptions.

The plaintiff appealed because his honor failed to decree rents and profits to him. The decree below is silent upon that subject. Why, we do not know. This case involves the features of both an action at law and an equitable action. In so far as it was sought to recover the land in dispute, it was an action at law, and although it was tried by the judge, a jury trial being waived, yet it was still a law case, and must be governed by the rules applicable to such cases, one of which is, that the facts cannot be reviewed on appeal. Now, it may be that the trial judge regarded the rents and profits as involved in the action at law, and not finding sufficient evidence in the case to authorize him to decree rents and profits, put the question aside; we can't say. At all events, we do not think that that matter can be reviewed here; we therefore pass it by, affirming the judgment below, without prejudice to the plaintiff as to any future effort to recover said rents if so advised, and simply stating that we think it was error in the trial judge not to decree thereon.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed, on the grounds and conditions hereinabove. Let the case be remanded, so that plaintiff may have an opportunity to raise the question as to his rights to rents and profits, if so advised.